FILED

2018 Oct-15  PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JERONICA L. MENEFEE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **2:18-cv-01208-AKK** |
| | ) | |
| **ACTION RESOURCES, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ANSWER

COMES NOW Defendant, Action Resources, LLC, (hereinafter "Action," "Action Resources," or "Defendant") and responds to each paragraph in the Plaintiff's Complaint as follows:

## I.    JURISDICTION

1.    Defendant admits that plaintiff seeks to invoke jurisdiction under the statutes listed in this paragraph, but denies that it discriminated against plaintiff or in any way impaired any right or protection provided by these statutes.

## II.    PARTIES

2.    Action admits the allegations contained in this paragraph except that it denies that plaintiff is a qualified person with a disability.

3.    Admitted, except that Action Resources is located, and does business, both within and outside the state of Alabama.

### III.    CONDITIONS PRECEDENT

4.    It is admitted that plaintiff alleges unlawful employment practices and intentional discrimination, but denied that Action or its employees engaged in such conduct or practices.

5.    Denied.

6.    Admitted.

7.    This paragraph calls for a legal conclusion, and Action declines to provide a legal opinion.

8.    This paragraph calls for a legal conclusion, and Action declines to provide a legal opinion.

### IV. FACTS

9.    Denied.    Plaintiff began working as a Driver Settlement Coordinator in February 2017.

10.    Admitted

11.    Defendant admits telling plaintiff she did a good job, although she received a verbal reprimand for taking excessive time away from her desk peering out of a window while using her cell phone in another area of

the office after the leader in that area complained. Outside of this and a few discussions regarding time and attendance, overall, plaintiff satisfactorily performed her job.  Defendant denies that plaintiff was "given increasing job tasks," and avers that plaintiff and other team members were assigned additional tasks and/or responsibilities, but none was outside of their standard responsibilities.

12.    Defendant has no knowledge of plaintiff's life experience prior to joining Action and can neither admit nor deny this allegation and demands strict proof thereof.

13.    Defendant avers that when questioned about a gap in her employment, plaintiff stated during her interview that the was due to an illness, the nature of which was not revealed, and stated that she was well and had worked consecutively for a year prior to applying for employment at Action.  To the extent that these representations were false, defendant asserts the affirmative defense of after-acquired evidence due to plaintiff providing false information during the interview process.

14.    Action has no knowledge of plaintiff taking breaks away from her desk "to help with her migraines" and demands strict proof thereof. All

associates are encouraged to take their allotted meals and breaks away from their desk, and plaintiff was treated the same as other employees.

15.   Action admits that plaintiff's direct supervisor addressed plaintiff being away from her desk outside of her allotted meal and break times due to a complaint from another leader.

16.   Action admits that all associates are encouraged to take their scheduled meal and break times away from their desk; however, some associates choose to take breaks and meals at their desk. During their allotted break and meal times, all associates are allowed to visit social media and use their personal devices. Action denies that plaintiff was treated differently from any other employee and avers that associates on the Driver Payroll team who have established a pattern of using their personal devices or social media at unapproved times and/or in unapproved locations, including but limited to plaintiff, are and have been verbally reprimanded.

17.   Action admits that plaintiff reported experiencing sinus problems.  Action further admits that she later told her leader and some co-workers that she had CSF and underwent surgery, which her treatment providers indicated resolved the issue.  Based on medical documentation plaintiff provided, prior to surgery, her CSF temporarily affected her ability

to perform essential functions of her job, which included extended and continued use of a computer, data entry, sitting for extended periods of time, attention to detail and ability to work the hours necessary to successful perform the duties of her position within the allotted time necessary to complete her assigned duties. Action can neither admit nor deny the remaining allegations of this paragraph and demand strict proof thereof.

18.    Admitted.

19.    Denied.  Plaintiff communicated about various aspects of her surgery and recovery with Kara Kyle, Maria Coley, Steve Royce, and her direct supervisor, Brandy Cupp, but did not communicate about a disability. Action can neither admit nor deny the substance of any discussion plaintiff may or may not have had with Jon Rohwedder and demands strict proof thereof.  Action denies that plaintiff communicated with Action's human resources employees or other employee concerning a disability and further denies that plaintiff ever self-identified as disabled or requested a workplace disability accommodation.

20.    Action can neither admit nor deny whether plaintiff had to be unmedicated for a certain amount of time before surgery.  Action denies that plaintiff began her short-term disability on October 6, 2017 and avers that

leave was approved beginning October 9, 2017 and her benefits began on October 16, 2017.

21.    Denied.  Plaintiff was scheduled for surgery on October 13, 2017 with an original expected return to work date of October 30, 2017.

22.    Denied.  Plaintiff was medically released to return to work on November 6, 2017. She did not return, and her treating physician set a new return to work date of November 20, 2017. Plaintiff still did not return. Upon information and belief, plaintiff requested an extension of her short-term disability benefits and communicated with Action benefits personnel concerning an extension.

23.    Action can neither admit nor deny the allegations contained in the paragraph and demands strict proof thereof.

24.    Action admits that plaintiff contacted her leader sometime after 9:00 am, stating she had been in an accident and was going to the emergency room.

25.    Action denies that plaintiff's supervisor agreed that plaintiff should be seen by a physician. Action avers that plaintiff's supervisor was without sufficient personal knowledge to form a belief as to whether plaintiff did or did not need medical treatment. Action admits that plaintiff's

6

supervisor acknowledged plaintiff's account of events, which included plaintiff referencing a need to be seen by a physician. Action admits that plaintiff's supervisor asked plaintiff to keep her updated on her status.

26.    Action can neither admit nor deny the nature of plaintiff's communication with the Ear Nose and Throat clinic and demands strict proof thereof. Action admits that it received a return to work status from Jessica L. Bailey, RN, dated November 20, 2017 stating that plaintiff could return to work. Action also admits that it received a return to work status from Cindy Walden dated November 20, 2017 stating that plaintiff could return to work on November 23, 2017.

27.    Action can neither admit nor deny whether plaintiff's contact was immediate. Action admits that plaintiff did call Ms. Kyle on the afternoon of November 20, 2017 to state that she had been in an accident and that Ms. Kyle requested a copy of her return to work notice.

28.    Denied.

29.    Denied.

30.    Action admits that plaintiff was terminated effective November 21, 2017, after she failed to return to work following the expiration of her approved leave. Action admits that plaintiff requested

7

additional leave; however, the request was unrelated to the surgery for which her leave had been approved, Action had extended her leave several times, her team could no longer absorb her work, there was a business need for her job duties to be performed, and her request for leave was not related to a disability or any request for a disability-related accommodation.

31.    Due to plaintiff's failure to identify the persons whom she references, Action can neither admit nor deny this allegation and demands strict proof.

32.    Due to plaintiff's failure to identify the persons she references, Action can neither admit nor deny this allegation and demands strict proof of the same.

33.     Plaintiff denies that plaintiff ever asked to work from home or requested a flexible schedule.

34.    Action denies that plaintiff had a known disability, declared a disability, or requested a disability-based workplace accommodation. Plaintiff in particular never claimed that her alleged car accident caused her to be disabled or requested an accommodation for the alleged car accident.

35.    Action admits that plaintiff's position was filled by an internal transfer from another Department due to a reduced workload in the position

she held prior to the transfer and that this employee was a Caucasian female who was not a qualified individual with a disability.

## V. STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE
### RACIAL DISCRIMINATION – TITLE VII

36.    Action adopts and references its responses to the allegations contained in paragraphs 1-35 as if fully set forth herein.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

Any allegation not hereinabove specifically admitted or denied is hereby denied.

## PRAYER FOR RELIEF

a.    Action denies a plaintiff is entitled to any relief, including the relief sought in this paragraph.

b.      Action denies that plaintiff is entitled to any relief, including the relief sought in this paragraph.

c.      Action denies that plaintiff is entitled to any relief, including the relief sought in this paragraph.

d.      Action denies that plaintiff is required to any further, different or additional relief.

## COUNT TWO
## RACIAL DISCRIMINATION - § 1981

43.     Action adopts and by reference incorporates and asserts its responses to allegations 1-42 as if set forth herein.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Action denies that plaintiff is entitled to any remedy, including any remedy at law or in equity.

49.     Denied.

## PRAYER FOR RELIEF

a.      Action denies a plaintiff is entitled to any relief, including the relief sought in this paragraph.

b.      Action denies that plaintiff is entitled to any relief, including the relief sought in this paragraph.

c.      Action denies that plaintiff is entitled to any relief, including the relief sought in this paragraph.

d.      Action denies that plaintiff is required to any further, different or additional relief.

Any allegation not hereinabove specifically admitted or denied is hereby denied.

## COUNT THREE
## FAILURE TO ACCOMMODATE - ADA

50.     Action adopts and by reference incorporates and asserts its responses to allegations 1- 49 as if set forth herein.

51.     Denied.

52.     Denied the plaintiff declared a disability, was an otherwise qualified individual with a disability, or requested any accommodation. Denied that plaintiff was entitled to a disability accommodation.

53.     Denied the plaintiff declared a disability, was an otherwise qualified individual with a disability, requested any accommodation or in any way initiated a request for a workplace accommodation that would

trigger an obligation to engage in an interactive process. Denied that plaintiff was entitled to a disability accommodation.

54.     Denied.

55.     Denied the plaintiff is entitled to any remedy in law or equity or other relief.

56.     Denied.

## PRAYER FOR RELIEF

a.     Action denies a plaintiff is entitled to any relief, including the relief sought in this paragraph.

b.     Action denies that plaintiff is entitled to any relief, including the relief sought in this paragraph.

c.     Action denies that plaintiff is entitled to any relief, including the relief sought in this paragraph.

d.     Action denies that plaintiff is required to any further, different or additional relief.

Any allegation not hereinabove specifically admitted or denied is hereby denied.

## COUNT FOUR
## DISABILITY DISCRIMINATION – ADA

57.    Action adopts and by reference incorporates and asserts its responses to allegations 1-56 as if set forth herein.

58.    Denied

59.    Denied.

60.    Denied.

61.    Denied that the plaintiff is entitled to any remedy at law or equity or any relief.

62.    Denied.

## PRAYER FOR RELIEF

a.    Action denies a plaintiff is entitled to any relief, including the relief sought in this paragraph.

b.    Action denies that plaintiff is entitled to any relief, including the relief sought in this paragraph.

c.    Action denies that plaintiff is entitled to any relief, including the relief sought in this paragraph.

d.    Action denies that plaintiff is required to any further, different or additional relief.

13

Any allegation not hereinabove specifically admitted or denied is hereby denied.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

1.      Plaintiff's Complaint should be dismissed, in whole or in part, because it fails to state a cause of action upon which relief may be granted and/or fails to allege sufficient facts necessary to state a claim.

### SECOND DEFENSE

2.      Plaintiff's Complaint should be dismissed, in whole or in part, because Plaintiff cannot establish a *prima facie* case under any theory of recovery.

### THIRD DEFENSE

3.      Plaintiff's Complaint should be dismissed, in whole or in part, to the extent Plaintiff seeks to assert claims beyond the scope of the allegations contained in her EEOC charge.

### FOURTH DEFENSE

4.      With regard to any allegations in Plaintiff's Complaint that involve incidents or actions by Plaintiff alleged to have occurred, or that did in fact occur, more than 180 days prior to Plaintiff's filing of her EEOC

14

charge, her charge was untimely, and the conditions precedent for suit under Title VII and the ADA have not been satisfied.

## FIFTH DEFENSE

5.     All employment decisions regarding or affecting Plaintiff were based upon legitimate and non-discriminatory reasons that were in no way related to Plaintiff's race, disability status, or any other statutorily protected classification.

## SIXTH DEFENSE

6.     If any improper, illegal, or discriminatory act was taken by any employee of Defendant against Plaintiff, it was outside the course and scope of that individual's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant. Thus, any actions cannot be attributed or imputed to Defendant and/or there is no legal basis for holding Defendant liable.

## SEVENTH DEFENSE

7.     Even if Plaintiff could state a *prima facie* case of discrimination, she cannot establish that Defendant's legitimate and non-discriminatory reasons for its actions were a pretext for an intent to

discriminate against her on the basis of race, disability status, or any other statutorily protected classification or activity.

## EIGHTH DEFENSE

8.      Defendant's conduct towards Plaintiff was at all times in good faith and was not willful, intentional, or discriminatory, and Defendant had a reasonable and good-faith belief that its actions did not violate any federal, state, local, or common law.

## NINTH DEFENSE

9.      Even if Plaintiff could provide evidence that race, disability status, or any other statutorily protected classification was a factor in any employment action pertaining to Plaintiff, which it was not, the same decision would have been made without regard to such a factor.

## TENTH DEFENSE

10.      Plaintiff's claims are or may be barred, in whole or in part, by the same actor and/or same decision-maker defense.

## ELEVENTH DEFENSE

11.      Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, laches, and/or *in pari*

*delicto* because Plaintiff's actions or conduct placed her in the position in which she found herself with respect to her employment with Defendant.

## TWELFTH DEFENSE

12.    Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of judicial estoppel, collateral estoppel, and/or res judicata.

## THIRTEENTH DEFENSE

13.    Plaintiff's claims are or may be barred, in whole or in part, by the applicable statutes of limitation.

## FOURTEENTH DEFENSE

14.    To the extent that Plaintiff failed to report discrimination and failed to take advantage of the preventive and corrective opportunities provided by Defendant so that adequate remedial steps could be taken, her claims are barred.

## FIFTEENTH DEFENSE

15.    Plaintiff's claims are or may be barred, in whole or in part, by the after-acquired evidence doctrine.

## SIXTEENTH DEFENSE

16.     Should Plaintiff be able to show that any discrimination occurred on the basis of race or disability status, which Defendant explicitly denies, Defendant reserves the right to assert a mixed-motive defense.

## SEVENTEENTH DEFENSE

17.     Plaintiff is not "disabled" or a "qualified individual" as defined under the ADA, and does not meet the qualification standards pursuant to the ADA.

## EIGHTEENTH DEFENSE

18.     Plaintiff's ADA claims are barred because Defendant has no obligation to accommodate a perceived disability.

## NINETEENTH DEFENSE

19.     Plaintiff did not request a reasonable accommodation.

## TWENTIETH DEFENSE

20.     Plaintiff's ADA failure to accommodate claim is barred because Plaintiff failed to engage and reasonably participate in the interactive process used to seek and determine a reasonable accommodation under the ADA.

## TWENTY-FIRST DEFENSE

21.     Plaintiff cannot establish a failure to accommodate claim under the ADA to the extent any accommodation request would result in an undue hardship to Defendant.

## TWENTY-SECOND DEFENSE

22.     Plaintiff's claims are barred because she cannot establish that her race, disability status, or any other statutorily protected classification was the "but for" cause of any challenged employment action.

## TWENTY-THIRD DEFENSE

23.     No actions of Defendant proximately caused any injury or damage allegedly suffered by Plaintiff.

## TWENTY-FOURTH DEFENSE

24.     Plaintiff's alleged compensatory and punitive damages claims under Title VII and the ADA are subject to the limitations imposed by 42 U.S.C. § 1981a(b)(3), and/or any other applicable caps on damages.

## TWENTY-FIFTH DEFENSE

25.     Plaintiff's claims for damages are or may be barred to the extent that she has failed to reasonably mitigate her claimed damages, her entitlement to which is expressly denied.

19

## TWENTY-SIXTH DEFENSE

26.     Plaintiff has failed to state a claim upon which compensatory or punitive damages may be imposed.

## TWENTY-SEVENTH DEFENSE

27.     Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish she allegedly suffered was caused by occurrences other than conduct for which Defendant is liable as a matter of law.

## TWENTY-EIGHTH DEFENSE

28.     Any award of damages for mental anguish or emotional distress would be improper and unconstitutional, as there are no procedural safeguards for the imposition of such damages, and such damages are left to the standardless discretion of the jury.

## TWENTY-NINTH DEFENSE

29.     The award of mental anguish or emotional distress damages in this case would violate the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution because (a) there are no fixed standards for the ascertainment of such damages; (b) there is no reasonable

limit to the amount of an award; and (c) the standards for and measurement of mental anguish damages are unconstitutionally vague.

## THIRTIETH DEFENSE

30.     Defendant denies that it has consciously or deliberately engaged in oppression, fraud, wantonness, reckless indifference, and/or malice with regard to Plaintiff or has been guilty of any conduct which may entitle Plaintiff to recover punitive damages.

## THIRTY-FIRST DEFENSE

31.     Plaintiff is not entitled to punitive damages because any actions arguably justifying punitive damages were not authorized or ratified by Defendant and occurred outside the scope of Plaintiff's employment.

## THIRTY-SECOND DEFENSE

32.     Plaintiff is not entitled to punitive damages because:

a.      Any demand for punitive damages violates the Sixth Amendment of the United States Constitution in that such claim for punitive damages is a claim that is penal in nature, entitling Defendant to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

b.      Any  demand  for  punitive  damages  violates  the  self-incrimination  clause  of  the  Fifth  Amendment  of  the  United  States Constitution  in  that  the  damages  claimed  are  penal  in  nature  while Defendant  is  required  to  disclose  documents  and/or  other  evidence  without the safeguard against self-incrimination set out in the Fifth Amendment.

c.      Any  demand  for  punitive  damages  violates  the  Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive  damages  is  vague  and  not  rationally  related  to  any  legitimate government interests.

d.      Punitive damage awards under the statutes alleged are not governed by any specific standards, are not based on rational distinctions, and  do  not  serve  any  legitimate  state  interest.  Consequently,  such  awards violate the Fifth Amendment of the United States Constitution.

e.      The amount of an award of punitive damages would violate the excessive fines provisions of the Eighth Amendment of the United States Constitution.

f.      Punitive  damages  are  penal  in  nature  yet  defendants  in  civil actions  are  not  accorded  the  same  procedural  safeguards  accorded  to

criminal defendants under the Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

## THIRTY-THIRD DEFENSE

33.    There is no evidence of exceptional malicious conduct in this case and, to the extent any punitive damages are awarded, they should not exceed the amount of compensatory damages awarded in this action. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

## THIRTY-FOURTH DEFENSE

34.    Plaintiff's punitive damages claim is subject to the limitations described in *State Farm Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**WHEREFORE**, having fully answered the Plaintiff's Complaint, Action Resources, LLC respectfully requests that the Plaintiff's Complaint be forthwith dismissed and Action Resources, LLC awarded fees and expenses incurred in the defense of this action.

Respectfully submitted,

*s/ Lisa Karen Atkins*
Lisa Karen Atkins
M. Tae Phillips
Ogletree, Deakins, Nash,

Smoak & Stewart, PC
420 North 20th Street, Suite 1900
Birmingham, AL  35203
(205) 328-1900 Telephone
lisa.atkins@ogletreedeakins.com
tae.phillips@ogletreedeakins.com

Attorneys for Defendant,
Action Resources, LLC

## CERTIFICATE OF SERVICE

I hereby certify on this the 15th day of October, 2018, I electronically filed the foregoing Answer using the CM/ECF system which will automatically send notification of such filing to the following:

Leslie A. Palmer
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, Alabama 35233
(205) 285-3050

*s/ Lisa Karen Atkins*
Of Counsel

35967470.2

24